§ e ttein)din(˙)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE )
COMMISSION, )
                    Plaintiff, )
)
          v. )          Civil Action No. 07-2419 (SAS)
)
COLLINS & AIKMAN CORPORATION, )
DAVID A. STOCKMAN, J. MICHAEL )          Honorable Shira A. Scheindlin
STEPP, GERALD E. JONES, DAVID R. )
COSGROVE, ELKIN B. MCCALLUM, )
PAUL C. BARNABA, JOHN G. GALANTE, )
CHRISTOPHER M. WILLIAMS, and )
THOMAS V. GOUGHERTY, )
)
                    Defendants. )

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/22/09

## STIPULATION AND PROTECTIVE ORDER REGARDING
## CONFIDENTIALITY OF DISCOVERY MATERIALS

This Stipulation and Protective Order Regarding Confidentiality of Discovery Materials

("Stipulation and Order") is entered pursuant to Federal Rule of Civil Procedure 26(c) to

facilitate discovery by the parties to the above-entitled action and establish procedures that may

be used to designate as confidential, and thereby protect from public disclosure, (i) trade secrets

and other confidential research, development or commercial information; (ii) nonpublic financial

or personal information; (iii) the identity and investment positions of persons or entities who may

have invested in partnerships, funds or other investment vehicles that may be produced or

otherwise disclosed during the course of this litigation; (iv) confidential information relating to

or gathered in investigations conducted by plaintiff Securities and Exchange Commission

("Commission"), and (iv) any other information that constitutes confidential information under

the Federal Rules of Civil Procedure and applicable case law (the "Confidential Information").

1.     This Stipulation and Order shall govern all methods for the discovery of information designated as Confidential Information pursuant to the terms of this Stipulation and Order, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and information produced in any other form in response to discovery conducted in this case, and as part of any motions, briefs or other filings, and any court filings permitted to be made under seal.

2.     Any person or entity (including any party to this litigation) producing information in response to discovery in this litigation ("Producing Entity") shall have the right to designate any such information as "Confidential" to the extent that the Producing Entity believes in good faith that such information constitutes, contains or would disclose Confidential Information. Any documents produced in discovery in this case that are subject to the protective order issued by Judge Rosen in the cases captioned *Mainstay High Yield Corporate Bond Fund v. Heartland Industrial Partners, L.P., et al.*, 07-cv-10542-GER-RSW and *Egleston v. Heartland Industrial Partners, L.P., et al.*, 06-cv-013555-GER-RSW in the Eastern District of Michigan and were designated Confidential pursuant to that protective order shall be treated as Confidential Information under this Stipulation and Order.

3.     Confidential Information shall be designated as follows:

(a)     In the case of documents containing Confidential Information, by placing thereon the legend "CONFIDENTIAL."

(b)     In the case of interrogatory answers containing Confidential Information, by placing the legend "CONFIDENTIAL" on each page containing such answers, with the relevant portion of the answer or answers bracketed.

2

(c)    In the case of electronic data, where such data cannot be readily marked with the "CONFIDENTIAL" legend in its native format, by placing the appropriate legend in the accompanying correspondence.

(d)    In the case of depositions, by either (1) a statement to such effect on the record by or the Producing Entity during the course of the deposition or (2) written notice to all counsel of record by the Producing Entity within thirty (30) days of receipt of the deposition transcript. With regard to depositions, the term "Producing Entity" includes the deponent and any person or entity whose Confidential Information, as defined in the first paragraph of this Stipulation and Protective Order, is disclosed in the deposition transcript. If the designation is made during the course of a deposition, the reporter attending the deposition shall write or stamp the word "CONFIDENTIAL" on the relevant portions of the transcript. Designations made following review of the transcript shall be made by identifying in writing, within 30 days of receipt of the transcript by the Producing Entity, the page and line numbers corresponding to the portions of testimony to be designated Confidential. Between the date of the deposition and thirty (30) days after the transcript has been received by the Producing Entity, the entire transcript is to be treated as if designated Confidential. If no portion of a deposition transcript has been designated Confidential thirty (30) days after receipt of the transcript, the entire transcript will be treated as non-Confidential. Any deposition testimony relating to documents designated as Confidential Information pursuant to the protective Order entered in the *Mainstay* and *Egleston* cases referred to in Paragraph 2 shall be treated as Confidential Information under this Stipulation and Order.

(e)     If filed with the Court, in the absence of consent by the Producing Entity

to filing in open court, by filing under seal until further order of the Court. At the time of filing,

documents containing information designated Confidential shall be placed in a sealed envelope,

which shall be marked with the title of the action, a description of the contents (e.g., Deposition

of Jane Doe), and a legend substantially similar to the following:

CONFIDENTIAL – Subject to Protective Order

This envelope is sealed pursuant to an Order of the Court, contains
Confidential Information and is not to be opened or the contents
revealed, except by Order of the Court or agreement by the parties.

4.      Confidential Information obtained through discovery in this litigation shall not be

disclosed or used for any purposes except in connection with the prosecution or defense of this

litigation.

5.      Confidential Information obtained through discovery in this litigation shall not,

without the consent of the Producing Entity or further order of this Court, be disclosed, except

that such information may be disclosed to:

(a)     counsel representing the Commission or any of the defendants for

purposes of this litigation, including with regard to the Commission the accountants involved in

this matter and the supervisory attorneys and accountants with responsibility for this matter;

(b)     employees of such counsel, including with regard to the Commission the

paralegals and other support staff involved in this matter;

(c)     the Court, court personnel, Court reporters, stenographic reporters

attending depositions, and jury members;

(d)     the parties to this litigation, including with regard to the Commission the

members of the Commission and their support staff;

4

(e)     consultants, expert witnesses, or vendors providing litigation-related services retained by a party in connection with this litigation, to the extent such disclosure is necessary for the prosecution or defense of this litigation;

(f)     the Confidential Information's author and any person receiving it prior to August 28, 2009.

(g)     persons noticed for deposition or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and

(h)     any other witnesses or potential witnesses, to the extent such disclosure is deemed necessary by counsel for the prosecution or defense of this litigation and provided such witnesses or potential witnesses follow the provisions of Paragraphs 7 and 8 of this Stipulation and Order.

6.     Publicly available documents or information that is otherwise publicly available, including without limitation documents publicly filed with regulators such as the U.S. Securities and Exchange Commission, are not subject to this Stipulation and Order and do not constitute Confidential Information, regardless of whether that document is designated as such by the Producing Entity.

7.     All persons receiving Confidential Information shall be bound by the terms of this Stipulation and Order.  Any person who wants to be released from the obligations of this Stipulation and Order must seek relief from the Court.

8.     Before disclosing any Confidential Information to any persons listed above (other than those listed in ¶ 5(a)–(d) & (f)), counsel shall provide such person with a copy of this Stipulation and Order and make a reasonable effort to obtain from such person a written acknowledgement, in the form attached hereto as Exhibit A, stating that he or she has read this

Stipulation and Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel for one (1) year after the conclusion of this litigation as defined in Paragraph 10 below and may be made available to opposing counsel upon request for good cause shown.

9.      Any party seeking to disclose Confidential Information to an individual or entity who, after reasonable efforts have been made, has failed to execute a written acknowledgement in the form attached hereto as Exhibit A (other than those listed in ¶ 5(a)-(d) & (f)) must, at least ten (10) days prior to disclosure, notify the Producing Entity and the parties to this litigation: (i) of the intended disclosure; and (ii) the identity and affiliation of the intended recipient. Following such disclosure, the Producing Entity or any party to this litigation may apply to the Court for an Order preventing such disclosure, specifically subjecting the intended recipient to the terms of this Stipulation and Order, or such other relief as the moving party may deem appropriate. If an application is made, the Confidential Information shall not be disclosed prior to the issuance of an Order by the Court. Notwithstanding the foregoing, any person receiving Confidential Information is bound by this Stipulation and Order, absent an Order of the Court to the contrary.

10.      The "conclusion of this litigation" as referred to in Paragraph 8 above is defined as thirty (30) days after the expiration of the time to appeal or challenge any final judgment, settlement or consent decree. Within 60 days after the conclusion of this litigation, Confidential Information and all copies of the same (other than full copies of all papers filed or submitted to the Court) shall be returned to the Producing Entity or, at the option of the Producing Entity, destroyed. If the Producing Entity requests that the Confidential Information be returned, the Producing Entity agrees to pay the actual costs of returning the Confidential Information.

6

11.     Confidential Information may be offered in evidence at a hearing or at trial, provided that the proponent of the evidence gives ten (10) days advance notice to counsel for the Producing Entity and the parties to this litigation.  Any Producing Entity that has designated such information as Confidential may move the Court for an order that such evidence be received in camera or under other conditions to prevent unnecessary disclosure.

12.     Nothing in this Stipulation and Order shall prevent a Producing Entity acting in good faith from designating as "Confidential" information that was mistakenly produced in this litigation without such designation.

13.     Nothing in this Stipulation and Order shall (i) prevent a Producing Entity from disclosing its own information which it has designated as Confidential, as it deems appropriate; (ii) impose any restrictions on the use or disclosure of information obtained other than through discovery in this matter; or (iii) in any way restrict the ability of any party or witness to comply with a legal duty to disclose, regardless of the source of that duty.  A disclosure under item (iii) shall not be deemed a waiver of any other parties' obligations under this Stipulation and Order, except as provided by law.

14.     If any party objects to a designation of information as Confidential, the party shall give written notice to the Producing Entity identifying the information to which the objection is directed.  A good faith attempt shall be made to resolve all objections by agreement.  If any objections cannot be resolved by agreement, the party objecting to the designation may address this issue by motion.  Disputed information shall remain Confidential Information under the terms of this Stipulation and Order until the Court rules on such motion or the Producing Entity withdraws such designation in writing.

7

15.     If a party (including any employee, attorney, consultant, expert, litigation support provider, or other representative of such party) receives a subpoena or other disclosure request from a non-party to this Stipulation and Order seeking production or other disclosure of any information obtained through discovery in this matter and designated Confidential pursuant to this Stipulation and Order, he or she shall promptly give notice to counsel for the Producing Entity and the parties to this litigation, describing the information sought and enclosing a copy of the disclosure request.  Where possible, at least ten (10) days notice before production or other disclosure thereof should be given.

16.     If Confidential Information obtained through discovery in this matter is disclosed by a receiving party to any person other than in the manner authorized by this Stipulation and Order, the receiving party responsible for the disclosure shall, upon learning of the disclosure, make a good faith effort to bring the disclosure to the attention of the Producing Entity and make every effort to prevent further unauthorized disclosure on its own part or on the part of such third party.

17.     Each Producing Entity shall have the right to petition the Court for relief, before or after the conclusion of the litigation, in the event that any party or other person in receipt of Confidential Information violates this Stipulation and Order.

18.     The terms of this Stipulation and Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the above-entitled action.

19.     Each person to whom information designated as Confidential Information pursuant to this Stipulation and Order is disclosed submits to the jurisdiction of the court, wherever he or she shall be, for the exclusive purpose of enforcement of this Stipulation and Order.

20.     Nothing in this Stipulation and Order shall affect any matter of attorney-client privilege, work product immunity, or any other privilege or immunity, which matters shall be governed by the applicable law of privilege or immunity.  To the extent that documents claimed to be protected from discovery on the grounds of such privilege or immunity are held by the Court not to be so protected, the terms of this Stipulation and Order shall govern any Confidential Information contained in such documents.

21.     This Stipulation and Order may be executed and filed by the parties, through their counsel, in counterparts.  Any future party to this litigation will be bound by this Order.

22.     The parties agree promptly to submit this Stipulation and Order to the Court for approval and further agree that, pending approval by the Court, this Stipulation and Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.

23.     The parties to the above-captioned matter, through their respective counsel, expressly agree to the terms of this Stipulation and Order and consent to its form and entry.

STIPULATED AND AGREED:

Andrew Weissman
Wilmer Hale LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
202-663-6612
*Counsel for Defendant Stockman*

H. Michael Semler
Division of Enforcement
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202-551-4429

9

_[signature]_

Gandolfo V. DiBlasi
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
212-558-3836
*Counsel for Defendant Stepp*

Solomon Wisenberg
Barnes & Thornburg LLP
750 17th Street, N.W., Suite 900
Washington, D.C. 20006
202-371-6377
*Counsel for Defendant Barnaba*

David R. Cosgrove (pro se)
1060 Autumnview Court
Rochester, Michigan 48307
248-656-2013

Eileen Donoghue
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
978-452-0522
*Counsel for Defendant McCallum*

Michael Shapiro
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
*Counsel for Defendant Galante*

James A. Mitchell
Stillman & Friedman, P.C.
425 Park Avenue
New York, NY 10022
*Counsel for Defendants Williams and
   Gougherty*

Karl Buch
Chadbourne & Parke, LLP
30 Rockefeller Plaza, NY, NY 10112
*Counsel for Defendant Jones*

IT IS SO ORDERED in accordance with the foregoing stipulation.

Date: _____

_____
Hon. Shira Scheindlin
United States District Court

10

Gandolfo V. DiBlasi
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
212-558-3836
*Counsel for Defendant Stepp*

Solomon Wisenberg
Barnes & Thornburg LLP
750 17th Street, N.W., Suite 900
Washington, D.C. 20006
202-371-6377
*Counsel for Defendant Barnaba*

David R. Cosgrove (pro se)
1060 Autumnview Court
Rochester, Michigan 48307
248-656-2013

Eileen Donoghue
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
978-452-0522
*Counsel for Defendant McCallum*

Michael Shapiro
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
*Counsel for Defendant Galante*

James A. Mitchell
Stillman & Friedman, P.C.
425 Park Avenue
New York, NY 10022
*Counsel for Defendants Williams and*
*Gougherty*

Karl Buch
Chadbourne & Parke, LLP
30 Rockefeller Plaza, NY, NY 10112
*Counsel for Defendant Jones*

IT IS SO ORDERED in accordance with the foregoing stipulation.

Date: _____

_____
Hon. Shira Scheindlin
United States District Court

10

Gandolfo V. DiBlasi
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
212-558-3836
*Counsel for Defendant Stepp*

David R. Cosgrove (pro se)
1060 Autumnview Court
Rochester, Michigan 48307
248-656-2013

Solomon Wisenberg
Barnes & Thornburg LLP
750 17th Street, N.W., Suite 900
Washington, D.C. 20006
202-371-6377
*Counsel for Defendant Barnaba*

Eileen Donoghue
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
978-452-0522
*Counsel for Defendant McCallum*

Michael Shapiro
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
*Counsel for Defendant Galante*

James A. Mitchell
Stillman & Friedman, P.C.
425 Park Avenue
New York, NY 10022
*Counsel for Defendants Williams and
   Gougherty*

Karl Buch
Chadbourne & Parke, LLP
30 Rockefeller Plaza, NY, NY 10112
*Counsel for Defendant Jones*

IT IS SO ORDERED in accordance with the foregoing stipulation.

Date: _____

_____
Hon. Shira Scheindlin
United States District Court

10

Gandolfo V. DiBlasi
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
212-558-3836
*Counsel for Defendant Stepp*

Solomon Wisenberg
Barnes & Thornburg LLP
750 17th Street, N.W., Suite 900
Washington, D.C. 20006
202-371-6377
*Counsel for Defendant Barnaba*

David R. Cosgrove (pro se)
1060 Autumnview Court
Rochester, Michigan 48307
248-656-2013

Eileen Donoghue
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
978-452-0522
*Counsel for Defendant McCallum*

Michael Shapiro
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
*Counsel for Defendant Galante*

James A. Mitchell
Stillman & Friedman, P.C.
425 Park Avenue
New York, NY 10022
*Counsel for Defendants Williams and Gougherty*

Karl Buch
Chadbourne & Parke, LLP
30 Rockefeller Plaza, NY, NY 10112
*Counsel for Defendant Jones*

IT IS SO ORDERED in accordance with the foregoing stipulation.

Date: _____

Hon. Shira Scheindlin
United States District Court

10

Gandolfo V. DiBlasi
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
212-558-3836
*Counsel for Defendant Stepp*

Solomon Wisenberg
Barnes & Thornburg LLP
750 17th Street, N.W., Suite 900
Washington, D.C. 20006
202-371-6377
*Counsel for Defendant Barnaba*

David R. Cosgrove (pro se)
1060 Autumnview Court
Rochester, Michigan 48307
248-656-2013

Eileen Donoghue
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
978-452-0522
*Counsel for Defendant McCallum*

Michael Shapiro
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
*Counsel for Defendant Galante*

James A. Mitchell
Stillman & Friedman, P.C.
425 Park Avenue
New York, NY 10022
*Counsel for Defendants Williams and
Gougherty*

Karl Buch
Chadbourne & Parke, LLP
30 Rockefeller Plaza, NY, NY 10112
*Counsel for Defendant Jones*

IT IS SO ORDERED in accordance with the foregoing stipulation.

Date: _____

_____
Hon. Shira Scheindlin
United States District Court

10

Gandolfo V. DiBlasi
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
212-558-3836
*Counsel for Defendant Stepp*

Solomon Wisenberg
Barnes & Thornburg LLP
750 17th Street, N.W., Suite 900
Washington, D.C. 20006
202-371-6377
*Counsel for Defendant Barnaba*

David R. Cosgrove (pro se)
1060 Autumnview Court
Rochester, Michigan 48307
248-656-2013

Eileen Donoghue
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
978-452-0522
*Counsel for Defendant McCallum*

Michael Shapiro
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
*Counsel for Defendant Galante*

James A. Mitchell
Stillman & Friedman, P.C.
425 Park Avenue
New York, NY 10022
*Counsel for Defendants Williams and
   Gougherty*

Karl Buch
Chadbourne & Parke, LLP
30 Rockefeller Plaza, NY, NY 10112
*Counsel for Defendant Jones*

IT IS SO ORDERED in accordance with the foregoing stipulation.

Date: _____

_____
Hon. Shira Scheindlin
United States District Court

10

Gandolfo V. DiBlasi
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
212-558-3836
*Counsel for Defendant Stepp*

Solomon Wisenberg
Barnes & Thornburg LLP
750 17th Street, N.W., Suite 900
Washington, D.C. 20006
202-371-6377
*Counsel for Defendant Barnaba*

David R. Cosgrove (pro se)
1060 Autumnview Court
Rochester, Michigan 48307
248-656-2013

Eileen Donoghue
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
978-452-0522
*Counsel for Defendant McCallum*

Michael Shapiro
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
*Counsel for Defendant Galante*

James A. Mitchell
Stillman & Friedman, P.C.
425 Park Avenue
New York, NY 10022
*Counsel for Defendants Williams and
   Gougherty*

Karl Buch
Chadbourne & Parke, LLP
30 Rockefeller Plaza, NY, NY 10112
*Counsel for Defendant Jones*

IT IS SO ORDERED in accordance with the foregoing stipulation.

Date: 9/21/09

Hon. Shira Scheindlin
United States District Court

10