*Scheindlin, J*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

APR 1 J 2010

```
                                    )
SECURITIES AND EXCHANGE             )
COMMISSION,                         )
                   Plaintiff,       )
                                    )
          v.                        )    Civil Action No. 07-2419
                                    )
COLLINS & AIKMAN CORPORATION, et al., )
DAVID A. STOCKMAN, J. MICHAEL STEPP, )   Honorable Shira A. Scheindlin
GERALD E. JONES, DAVID R. COSGROVE, )
ELKIN B. MCCALLUM, PAUL C. BARNABA, )
JOHN G. GALANTE, CHRISTOPHER M.     )
WILLIAMS, and THOMAS V. GOUGHERTY,  )    #_____
                                    )
                   Defendants.      )
                                    )
```

## FINAL JUDGMENT AS TO ELKIN B. McCALLUM

The Securities and Exchange Commission having filed a Complaint and

Defendant Elkin B. McCallum having entered a general appearance; consented to the

Court's jurisdiction over Defendant and the subject matter of this action; consented to

entry of this Final Judgment without admitting or denying the allegations of the

Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and

waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant and Defendant's agents, servants, employees, attorneys, and all persons in

active concert or participation with them who receive actual notice of this Final Judgment

by personal service or otherwise are permanently restrained and enjoined from violating

Sections 17(a)(2) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/10

77q(a)(2) and (3)] in the offer or sale of any security by the use of any means or

instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

    (a)    to obtain money or property by means of any untrue statement of a

        material fact or any omission of a material fact necessary in order to make

        the statements made, in light of the circumstances under which they were

        made, not misleading; or

    (b)    to engage in any transaction, practice, or course of business which

        operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from violating Section

13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C.

§ 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of

internal accounting controls or knowingly falsifying any book, record or account

described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

## III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from violating Rule 13b2-1

of the Exchange Act [17 C.F.R. §240.13b2-1] by directly or indirectly falsifying, or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-2 of the Exchange Act [17 C.F.R. § 240.13b2-2] by directly or indirectly taking any action to mislead an independent public or certified public accountant engaged in an audit or review of the financial statements of an issuer if such statements are required to be filed with the Commission and the Defendant knew or should have known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by knowingly providing substantial assistance to an issuer in failing to file with the Commission such accurate and complete information and

3

documents as are required by the Commission pursuant to Section 13(a) and Rules 12b-20, 13a-1, 13a-11, and 13a-13.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and (B) [15 U.S.C. §78(m)(b)(2)(A) and (b)] of the Exchange Act by knowingly providing substantial assistance to an issuer in failing to make or keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuers, or in failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to conform with Generally Accepted Accounting Principles or any other applicable criteria and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization, and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $75,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C.

§ 78u(d)(3)].  Defendant shall pay this penalty in three equal installments: the initial

$25,000 shall be paid within 14 days after entry of this Final Judgment; the second

$25,000 shall be paid within 180 days after entry of this Judgment; and the third $25,000

shall be paid with 360 days after entry of this Final Judgment.  Each payment shall be

made in the form of a certified check, bank cashier's check, or United States postal

money order payable to the Securities and Exchange Commission.  The payment shall be

delivered or mailed to the Office of Financial Management, Securities and Exchange

Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria,

Virginia 22312, and shall be accompanied by a letter identifying Elkin B. McCallum as a

defendant in this action; setting forth the title and civil action number of this action and

the name of this Court; and specifying that payment is made pursuant to this Final

Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts

pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to

this paragraph to the United States Treasury.

### VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that

Defendant shall comply with all of the undertakings and agreements set forth therein.

### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules

of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and

without further notice.

Dated: 4/19/10

SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

Approved as to form:

Eileen M. Donoghue, Esquire
Gallagher & Cavanaugh
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
(978) 452-0522 (telephone)
(978) 452-0482 (facsimile)

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                  Plaintiff,<br><br>             v.<br><br>COLLINS & AIKMAN CORPORATION, et al.,<br>DAVID A. STOCKMAN, J. MICHAEL STEPP,<br>GERALD E. JONES, DAVID R. COSGROVE,<br>ELKIN B. MCCALLUM, PAUL C. BARNABA,<br>JOHN G. GALANTE,  CHRISTOPHER M.<br>WILLIAMS, and THOMAS V. GOUGHERTY,<br><br>              Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 07-2419<br><br>Honorable Shira A. Scheindlin |

## CONSENT OF DEFENDANT ELKIN B. McCALLUM

1.      Defendant Elkin B. McCallum ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)      permanently restrains and enjoins Defendant from violation of 17(a)(2) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(2) and (3)], Section 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act') [15 U.S.C. § 78 m(b)(5)], Rule 13b2-1 of the Exchange Act [17 C.F.R. § 240.13b2-1], and Rule 13b2-2 of the Exchange Act [17 C.F.R. § 240.13b2-2], and from aiding and abetting

violation of Section 13(a) [15 U.S.C. § 78m(a)] and Sections 13(b)(2)(A) and (B) [15

U.S.C. § 78(m)(b)(2)(A) and (B)] of the Exchange Act, and Exchange Act Rules 12b-20,

13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11,

and 240.13a-13]; and

(b) orders Defendant to pay a civil penalty in the amount of $75,000

pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3)

of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3.     Defendant agrees that he shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment

made pursuant to any insurance policy, with regard to any civil penalty amounts that

Defendant pays pursuant to the Final Judgment, regardless of whether such penalty

amounts or any part thereof are added to a distribution fund or otherwise used for the

benefit of investors.  Defendant further agrees that he shall not claim, assert, or apply for

a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty

amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such

penalty amounts or any part thereof are added to a distribution fund or otherwise used for

the benefit of investors.

4.     Defendant waives the entry of findings of fact and conclusions of law

pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.     Defendant waives the right, if any, to a jury trial and to appeal from the

entry of the Final Judgment.

6.     Defendant enters into this Consent voluntarily and represents that no

threats, offers, promises, or inducements of any kind have been made by the Commission

2

or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other

3

regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States

4

acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter

for the purpose of enforcing the terms of the Final Judgment.


Dated: Feb 4, 2010                              Elkin B. McCallum
                                                _____
                                                Elkin B. McCallum


On Feb. 4        , 2010, Elkin B. McCallum, a person known to
me, personally appeared before me and acknowledged executing the foregoing Consent.


                                                Beverley Ann Worde
                                                _____
                                                Notary Public
                                                Commission expires: 9/24/2015


Approved as to form:


Eileen M. Donoghue, Esquire
Gallagher & Cavanaugh
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
(978) 452-0522 (telephone)
(978) 452-0482 (facsimile)


6